UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |  |
|---|---|---|
| PATENT LICENSING AND INVENTMENT COMPANY, LLC<br>Plaintiff, | )<br>)<br>)<br>)<br>) |  |
| v. | ) | C.A.No.2:10-cv-00421-HCM-DEM |
| GREEN JETS, INCORPORATED | )<br>)<br>) |  |
| Defendant. | )<br>)<br>) |  |

**PLAINTIFF'S REPLY TO DEFENDANT GREEN JETS INCORPORATED'S RESPONSE TO PLIC'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

**I.     INTRODUCTION**

Although Defendant Green Jets incorporated ("Green Jets") has argued that its proposed amended Counterclaims and Affirmative Defenses now meet the pleading requirements of the Fedearl Rules of Civil Procedure and the Supreme Court, a cursory review indicates that they are still deficient.  Green Jets has withdrawn its Third Affirmative Defense (failure to state a claim), and has supplemented the contentions in support of both its previously labeled Fourth Affirmative Defense (standing) and its invalidity counterclaim; however, the invalidity counterclaim and the affirmative defense of invalidity remain unsupported with respect to two statutory bases.

First, there is no factual or other basis alleged for the inventorship issue raised under 35 U.S.C. § 116 by the Second Affirmative Defense.  Similarly, with respect to the Counterclaims as well as the Affirmative Defenses, Green Jets has provided no basis whatsoever for alleging that one or more claims of the '548 patent do not meet the requirements of 35 U.S.C. § 112.  As

noted below PLIC was justified in not agreeing to the amended Counterclaims and Affirmative Defenses proposed by Defendant. Green Jets did not provide PLIC with a draft of its proposed amended pleading, so that PLIC could evaluate whether the concerns it raised in its motion to dismiss and strike were adequately addressed. And that pleading remains deficient in these two respects.

## II. ARGUMENT

### A. Alleged Failure to Comply with 35 U.S.C. §116

Green Jets alleges in the Second Affirmative Defense that the '548 patent is invalid because it does not satisfy 35 U.S.C. §116 which states in part:

> When an invention is made by two or more persons jointly, they shall apply for patent jointly and each make the required oath, except as otherwise provided in this title. Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent.

There is no allegation in Green Jets' proposed amended pleading that there was more than one inventor, nor is PLIC aware of any contribution by others. It is not clear whether Green Jets believes that there actually was more than one inventor, or that oaths simply were not properly executed, or which if any claims are affected by the allegations regarding inventorship. Who are these other inventors if they exist? Where are they located and what was their contribution? In the pleading, there is no indication. This defense is the very type of bald allegation that the Supreme has proscribed in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Unless Green Jets can identify some evidence that supports contribution by others, this affirmative defense challenging inventorship should be dismissed.

B.     **Alleged Failure to Comply with 35 U.S.C. § 112**

In Defendant's Second Affirmative Defense and its Second Counterclaim, it alleges that the '548 patent is invalid because it does not meet the statutory requirements of 35 U.S.C. § 112. As with the defense regarding section 116, there is no factual underpinning or other foundation for supporting the broad based allegation. The statute sets forth several grounds for invalidity:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.
>
> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

35 U.S.C. § 112. There are several factually complex aspects to this particular statute, each of which can be a separate and distinct cause of action. One is known as the "written description" requirement, which tends to revolve around whether or not the specification actually describes the invention claimed. Another is known as "enablement"—whether or not one skilled in the art can make and use the invention based on disclosure. The statute also requires that the applicant disclose the "best mode" contemplated by the inventor for carrying out the invention. *See, Ajinomoto Co. v. ITC*, 597 F.3d 1267 (Fed. Cir. 2010). Finally, the specification should conclude with claims that particularly point out distinctly define the invention. *See Katz Interactive Call Processing Patent Litigation v. American Airlines, Inc.,* Nos. 2009-1450, -1451, -1452, -1468, -1469, 2010-1017, 2011 U.S. App. LEXIS 3212 (Fed. Cir. Feb. 18, 2011).

Each of these requirements is a separate and distinct issue in patent jurisprudence that requires different levels and elements of proof. *See Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 133 (Fed. Cir. 2010). In its pleading, Green Jets has not apprised PLIC whether the '548

patent implicates all or some of these requirements. There is not one fact alleged about the quality of the disclosure or what one of ordinary skill would understand in reading the specification. PLIC cannot glean from the affirmative defenses or the counterclaims whether it needs to prepare a defense for "enablement," "best mode," or all or some of the requirements of § 112, much less what facts Green Jets is relying upon for the allegation. This is an example of the type of boilerplate pleading that is frowned upon: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *see also Adiscov. v. Autonomy Corp,* No. 2:10cv218, 2011 U.S. Dist. Lexis 11551 (E.D.Va. Jan. 27, 2011).

A defendant simply making guesses as to what might possibly defeat a patent is not an acceptable practice. The Defendant must disclose facts or some other foundation for its allegation so as not to unduly burden Plaintiff and so as to provide notice of the basis for the allegation. PLIC should not be required to gear up its discovery for every single defense that exists to invalidate a patent, when Green Jets has provided no fact to support its defense in the first place.

### C. PLIC's Reservation of Rights

Green Jets has attacked PLIC's motives in its failure to agree to offers by Defendant to identify prior art in lieu of motion practice. PLIC has been willing consistently to avoid motion practice where its rights are not jeopardized. In this instance, PLIC was never provided a draft of the amended Answer and Counterclaims so that it could determine whether consent would remedy the deficiencies set forth in its motion. The Green Jets response with the proposed amended pleading confirms that PLIC's concern was legitimate as the new pleading is still

materially deficient. In addition Green Jets has admittedly now dropped one of its defenses asserting a "failure to state a claim" under the assertion that it is subsumed by other claims. In any event, PLIC preserves its right to seek attorney's fees if is found that there were no facts available to Defendant to support some of its Affirmative Defenses and Counterclaims set forth in its original or any amended pleading.

**III.   CONCLUSION**

Defendant's proposed amended Counterclaims and Affirmative Defenses does not remedy all of the deficiencies identified in PLIC's Motion to Dismiss and Strike, with regard to the invalidity counterclaim and the affirmative defense of invalidity. Therefore, PLIC requests that the Court deny Green Jets request to file the Amended Answer and Counterclaims, dismiss the invalidity counterclaim, and strike Green Jets' Second, Third, Fourth, and Sixth Affirmative Defenses.

To the extent that the Court grants leave for Green Jets to file the Amended Answer and Counterclaims, PLIC requests that the Court dismiss the invalidity counterclaim with respect to 35 USC §§ 112, 116, and strike the Second Affirmative Defense with respect to 35 USC §§ 112, 116.

    Respectfully submitted,
    PATENT LICENSING AND INVESTMENT COMPANY, LLC

By : ____/s/_____
    William R. Poynter
    Virginia State Bar No. 48672
    wpoynter@williamsmullen.com
    WILLIAMS MULLEN
    222 Central Park Avenue, Suite 1700
    Virginia Beach, VA 23462
    Telephone: (757) 499-8800
    Facsimile: (757) 473-0395
    *Counsel for Plaintiff PLIC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11TH day of March, 2011, I electronically filed the foregoing Reply in Support of Plaintiff's Motion to Dismiss Counterclaim and Strike Affirmative Defenses using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

      Edward Alan Pennington
      Siddhesh V. Pandit
      Stephanie D. Scruggs
      MURPHY & KING, PC
      Counsel for Defendant Green Jets
      1055 Thomas Jefferson Street, NW, Suite 400
      Washington, DC 20007
      Telephone: (202) 403-2100
      Facsimile: (202) 429-4380
      eap@murphyking.com
      svp@murphyking.com
      sds@murphyking.com

      By:_____/s/_____
      William R. Poynter
      Virginia State Bar No. 48672
      Counsel for Defendant
      WILLIAMS MULLEN
      222 Central Park Avenue, Suite 1700
      Virginia Beach, VA 23462
      Telephone: (757) 499-8800
      Facsimile: (757) 473-0395
      wpoynter@williamsmullen.com